UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RANDALL MAURICE PETERSON,

    Movant,

-vs-

UNITED STATES OF AMERICA,

    Respondent.

No.  2:15-CR-0087-WFN-1

ORDER DENYING § 2255 MOTION

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 64. The Motion is submitted by Randall Maurice Peterson, who is appearing *pro se* in these proceedings.

## BACKGROUND

Mr. Peterson was indicted on September 1, 2015, for: (1) Production of Child Pornography; (2) Receipt of Child Pornography; and (3) Possession of Child Pornography. Mr. Peterson pled guilty to Count 3 on March 9, 2016. Counts 1 and 2 have mandatory minimum sentences for 15 and 5 years, respectively, if convicted. In the Plea Agreement, the Government agreed to dismiss Counts 1 and 2 in return for several concessions including admitting guilt to Count 3 and waiver of appeal of the conviction and sentence as a part of the Plea Agreement. Mr. Peterson pled guilty and the Court sentenced him in accordance with the Rule 11(c)(1)(C) agreed recommendation.

## DISCUSSION

To gain relief, Mr. Peterson must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open

to collateral attack. 28 U.S.C. § 2255. Mr. Peterson satisfied the first two requirements. To meet his burden on the third prong he alleges several constitutional violations ranging from violation of the Fourteenth Amendment to cruel and unusual punishment. Each of these alleged violations stem from Mr. Peterson's primary concern that his counsel provided ineffective assistance by failing to file a motion to suppress evidence. Mr. Peterson contends that had such a motion been filed, it would have been granted and that the charges would have been dismissed.[1]

In order to prevail on his ineffective assistance claims, Mr. Peterson must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Mr. Peterson must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

---

[1] To the extent that Mr. Peterson intends to claim constitutional violations independent of the primary ineffective assistance of counsel claim, the Court notes that Mr. Peterson waived his right to file a § 2255 Motion in the Plea Agreement. "Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence." Plea Agreement, pg. 11, ¶ 14, ECF No. 44.

Contrary to Mr. Peterson's claim that his "attorney never told me that the evidence could be thrown out if we attacked it on grounds of illegal search and seizure," the Court notes that a Motion to Suppress was filed before the Court alleging that "Law enforcement searched Randall Peterson's SD card without a warrant . . . Thus the warrantless search violated Randall Person's Fourth Amendment right against unreasonable searches and seizures." Defendant's Motion to Suppress Evidence, pg. 1, ECF No. 34. Further, the record reflects that Mr. Peterson was aware such a motion was filed. At a hearing on February 17, 2016, where Mr. Peterson was present and in the custody of the United States Marshals Service, defense counsel indicated on the record that an evidentiary hearing on the pending Motion to Suppress would be necessary if the parties were unable to resolve the case by plea agreement. See ECF No. 38. Mr. Peterson seems to acknowledge that he was aware of the Motion as he indicates in his § 2255 Motion that he was not aware of the initial lack of warrant "until it was mentioned in court." Defendant's Motion Under 28 U.S.C. § 2255, p. 4, ECF No. 64. Less than a month later Mr. Peterson entered a plea of guilty to possession of child pornography. His counsel negotiated a deal with the Government that involved not only dismissing the two more serious counts pending in Federal court, but also allowed Mr. Peterson to withdraw from his Plea Agreement if the state charges were not dropped.

Contrary to Mr. Peterson's assertions, there is no guarantee that the Court would have granted the Motion to Suppress Evidence. His counsel made a sound decision to use the possibility that the Court could toss out the SD card to negotiate a plea deal that weighed heavily in Mr. Peterson's favor. Mr. Peterson clearly agreed with the decision at the time because he entered a guilty plea while the Motion to Suppress was still pending.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Mr. Peterson's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Peterson's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed January 11, 2017, **ECF No. 64**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:17-CV-0016-WFN.

**DATED** this 3rd day of May, 2017.

04-25-17

                                s/ Wm. Fremming Nielsen
                                WM. FREMMING NIELSEN
                      SENIOR UNITED STATES DISTRICT JUDGE